1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   RICK M. GREENBERG,

11              Plaintiff,                              No. C 16-06248 WHA

12        v.

13   AMERIPRISE FINANCIAL, INC.,                        **ORDER GRANTING**
     RIVERSOURCE LIFE INSURANCE                         **DEFENDANTS' MOTION**
14   COMPANY, MEDICAL CONSULTANT                        **TO DISMISS TWO**
     NETWORK, and HOWARD BELFER, M.D.,                  **DEFENDANTS AND**
15                                                      **ORDER TO SHOW CAUSE**

16              Defendants.
                                                    /
17

18                                    **INTRODUCTION**

19        In this "conspiracy" action, insurance company defendant and financial services company

20   defendant move to dismiss.  For the reasons below, the motion is **GRANTED**.

21                                     **STATEMENT**

22        Pro se plaintiff Rick Greenberg brought this claim for relief against defendants

23   RiverSource Life Insurance Company, Ameriprise Financial, Inc., Medical Consultants Network,

24   and Howard Belfer, M.D.  Medical Consultants Network and Dr. Belfer have not been served as

25   of date of this order.  Ameriprise is RiverSource's parent company.  RiverSource, an insurance

26   company, entered into a written contract with Greenberg in 1996 to provide disability coverage

27   (Dkt. No. 29).  Greenberg received disability benefits from RiverSource under this contract for

28   five years by claiming total disability arising from his bilateral carpal tunnel syndrome

United States District Court
For the Northern District of California

(Dkt. No. 31 at 95).  Dr. Belfer is the physician who examined Greenberg to determine if he was still eligible for disability benefits under RiverSource's coverage policy at some point before his benefits stopped.  The complaint remains silent on how Medical Consultants Network became involved in Greenberg's claim for relief (Dkt. No. 29).

Greenberg's disability benefits were terminated in October 2007 (Dkt. No. 31 at 95). He filed suit in November 2011 in state court against RiverSource and Dr. Belfer for fraud and breach of contract (Dkt. No. 31 at 6–10).[*]  RiverSource and Dr. Belfer removed the action to this district based on diversity (*id.* at 12).  The action came to the undersigned (*ibid.*). RiverSource and Dr. Belfer then filed a joint motion to dismiss the complaint, arguing that Greenberg failed to allege sufficient facts (*id.* at 19–28).  An order granted Dr. Belfer's and RiverSource's motion to dismiss as to all claims against Dr. Belfer and claims for fraud against RiverSource, but denied it as to Greenberg's claim for breach of contract against RiverSource (*id.* at 78–82).  RiverSource then filed a motion for summary judgment on the ground that Greenberg's breach of contract claim was time-barred (*id.* at 84–89).  An order granted the motion for summary judgment in favor of RiverSource and Dr. Belfer (*id.* at 95–100). Greenberg did not appeal.

Greenberg filed this new suit in June 2016 in state court against RiverSource, Ameriprise, Medical Consultants Network, and Dr. Belfer for breach of contract (*id.* at 102–10). RiverSource and Ameriprise again removed to this district based on diversity (Dkt. No. 1).  The action became related to the earlier action, thus coming to the undersigned judge (Dkt. No. 19). Ameriprise and RiverSource filed a motion to dismiss Greenberg's claim on the ground that res judicata precluded Greenberg's claim (Dkt. No. 15).  Greenberg did not oppose, but instead requested leave to amend his complaint at his case management conference.  An order granted Greenberg's request, permitting him to amend his complaint (Dkt. No. 27).

---

[*] Defendants' request for judicial notice of Greenberg's first suit is unopposed and **GRANTED**. Defendants' request for judicial notice of Ameriprise's 2015 Annual Report is not relied upon in this order and is **DENIED AS MOOT**.

1    Greenberg now alleges in his amended complaint that RiverSource, Ameriprise, and

2    Dr. Belfer conspired to deny him disability benefits.  Greenberg's amended complaint contains

3    only bare bones allegations.  Greenberg claims that he performed "all conditions, covenants,

4    and promises required on his part to be performed in accordance with the terms and conditions"

5    of RiverSource's coverage policy.  In March 2007, RiverSource allegedly informed Greenberg

6    that it would begin a process of evaluating the "any occupation" clause of the contract via an

7    independent medical evaluation.  The amended complaint does not describe this clause.  To the

8    extent discernable, the amended complaint alleges RiverSource then breached the contract by

9    somehow wrongfully terminating his disability benefits (Dkt. No. 29).

10    The amended complaint further alleges that Ameriprise interfered with RiverSource's

11    operations and Greenberg's medical evaluation without explaining how.  Greenberg also alleges

12    RiverSource directly communicated with Dr. Belfer and influenced his medical evaluation of

13    Greenberg.  It is unclear from the complaint what RiverSource communicated to Dr. Belfer.

14    Furthermore, Greenberg alleges his "legitimate request" for copies of his medical reports and

15    whole claims file were denied, "creating an air of conspiracy" (*ibid.*).  Oddly, Greenberg

16    believes the aforementioned allegations will be substantiated by evidence he secured during

17    discovery in his first action against RiverSource (Dkt. No. 29, 31 at 95–100).

18    Defendants RiverSource and Ameriprise move to dismiss this action.  This order follows

19    full briefing and oral argument.

20                                      **ANALYSIS**

21    Ameriprise and RiverSource contend that res judicata bars Greenberg's conspiracy claim

22    because Greenberg's underlying breach of contract claim in this suit is identical to his claims

23    against RiverSource and Dr. Belfer in his first suit.  This order agrees.  Res judicata bars

24    litigation in subsequent actions of any claims that were raised or could have been raised in the

25    prior action against parties or their privies.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.

26    2002).  "For res judicata to apply, there must be: (1) an identity of claims, (2) a final judgment

27    on the merits, and (3) identity or privity between the parties."  *Tahoe-Sierra Preservation,*

28    *Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

United States District Court
For the Northern District of California

### 1. IDENTITY OF CLAIMS.

An identity of claims exists when (1) the rights or interests in the prior judgment would be destroyed or impaired by prosecution of the second action, (2) the two suits present substantially the same evidence, (3) the two suits involve infringement of the same right, and (4) the two suits arise out of the same transactional nucleus of facts. The most important criterion in determining an identity of claims is whether the claim brought in the subsequent action could have been brought in the previous action. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

Here, all elements of an identity of claims are met. *First*, RiverSource's and Dr. Belfer's reliance on the prior judgment would be upended because both actions are based on the same breach of contract claim for the alleged wrongful termination of Greenberg's disability benefits (Dkt. No. 31 at 95–100). Greenberg's first action alleged RiverSource, with Dr. Belfer's assistance, breached its contract with Greenberg by wrongfully terminating his disability benefits (Dkt. No. 31 at 79, 95–100). Greenberg's current action alleges RiverSource conspired with Ameriprise and Dr. Belfer to breach the same contract and terminate the same disability benefits (Dkt. No. 29). RiverSource's and Dr. Belfer's rights and interests established in the first action — that they were not liable to Greenberg for breach of contract by terminating his disability benefits — could be destroyed by prosecution of this second action for conspiracy to breach a contract.

*Second*, the evidence used in this action will track the evidence relevant in Greenberg's first suit because Greenberg alleges he will use the evidence he obtained during discovery in his first suit to support his current action (Amd. Compl. ¶ 7).

*Third*, the right at issue in Greenberg's first action and this action is whether Greenberg is entitled to continued disability benefits under the terms of RiverSource's insurance policy (*id.* ¶ 5; Dkt. No. 31 at 6–10).

*Fourth*, Greenberg's first action against RiverSource and Dr. Belfer and his current action against all four defendants arise out of the same transactional nucleus of facts. The current action relates to the same insurance contract between Greenberg and RiverSource,

United States District Court

For the Northern District of California

involves the same dispute over whether or not Greenberg's disability benefits were wrongfully

terminated, and involves the same allegation that Dr. Belfer was influenced by RiverSource to

conduct a faulty medical evaluation (Dkt. No. 29; Dkt. No. 31 at 6–10).  Specifically, Greenberg

alleges RiverSource conspired with Ameriprise and Dr. Belfer to wrongfully terminate his

disability benefits and therefore RiverSource wrongfully breached its contract with him (Dkt.

No. 29).  Similarly, in Greenberg's first action against RiverSource and Dr. Belfer, he claimed

RiverSource, with the assistance of Dr. Belfer, wrongfully terminated his disability benefits and

therefore wrongfully breached its contract with him (Dkt. No. 31 at 6–10).  Greenberg's attempt

to recast his breach of contract theory under a new label of conspiracy cannot escape the bar of

res judicata.  *Tahoe-Sierra Preservation Council*, 322 F.3d at 1078–79.

### 2.   FINAL JUDGMENT ON THE MERITS.

Res judicata also requires that the prior action conclude in a final judgment on the merits.

*Id.* at 1081.  Here, an order in the first action granted a motion to dismiss on the merits in favor

of Dr. Belfer in April 2012 (Dkt. No. 31 at 79).  The motion determined that Dr. Belfer was a

fraudulently joined party and that no viable claims for breach of contract were asserted against

him (*ibid.*).  Furthermore, an order in the first action also granted summary judgment on the

merits in favor of RiverSource on Greenberg's claim for breach of contract in August 2012 (*id.*

at 95–100).  The summary judgment order determined that the statute of limitations barred

Greenberg's breach of contract claim against RiverSource (*ibid.*).

### 3.   PRIVITY BETWEEN THE PARTIES.

Res judicata applies to defendants of the first action and parties in privity with defendants

of the first action.  *Tahoe-Sierra Preservation Council, Inc.*, 322 F.3d at 1077.  Res judicata

applies to RiverSource and Dr. Belfer because they were defendants in both of Greenberg's

actions.  Res judicata applies to Ameriprise because it is in privity with RiverSource.

Privity exists where "there is substantial identity between parties, that is, when there is

sufficient commonality of interest."  *Id.* at 1081 (quoting *In re Gottheiner*, 703 F.2d 1136, 1140

(9th Cir. 1983) (privity exists between a corporation and a person who owns most or all of the

shares in the corporation)).  There is "substantial identity" between RiverSource and Ameriprise

1   because Ameriprise is RiverSource's parent company.  Accordingly, Ameriprise has a

2   commonality of interest in any litigation RiverSource is involved in.  This relationship confers

3   privity between RiverSource and Ameriprise.

4       Therefore, all three elements of res judicata are satisfied.  Res judicata therefore bars

5   Greenberg's conspiracy claim against Ameriprise and RiverSource.  Ameriprise's and

6   RiverSource's motion to dismiss all claims against them is **GRANTED**.

7                    *                    *                    *

8       At oral argument, Greenberg argued he was not barred from res judicata because on

9   June 18, 2012 he obtained evidence indicating that Dr. Belfer did not perform an independent

10  evaluation of Greenberg and therefore the statute of limitations on breach of contact began to

11  run on that date.  This is the same point he made years ago and is blocked by res judicata.

12  In Greenberg's first action, he alleged that RiverSource fraudulently represented that Dr. Belfer

13  performed an independent medical evaluation of Greenberg (Dkt. No. 33 at 8).  As noted earlier

14  in this order, this fraud claim against Dr. Belfer and RiverSource in Greenberg's first action was

15  dismissed because it was time-barred.  The order granting the motion to dismiss explained that

16  "plaintiff has not alleged that there is any reason he should not have been suspicious of the

17  alleged fraudulent conduct at the time the disability coverage was denied [in December 2007],

18  and therefore no inference can be made that the three-year statute of limitations was tolled"

19  (id. at 80).

20                              **CONCLUSION**

21      For the aforementioned reasons, RiverSource's and Ameriprise's motion to dismiss is

22  **GRANTED**.  Although Dr. Belfer and Medical Consultants Network have not yet been served

23  with a summons and complaint, Greenberg has failed to show cause as to why this action against

24  them should not be dismissed.  No allegations have specifically been made towards Medical

25  Consultants Network and the current action against Dr. Belfer is barred by res judicata.  By this

26  order, Greenberg has until March 29, 2017 to serve Dr. Belfer and Medical Consultants Network

27

28

and to show cause in writing why this action against them should not be dismissed as well.

Fed. R. Civ. Pro. § 4(m).

**IT IS SO ORDERED.**

Dated:  February 17, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

7